UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-376-RJC

| JASON DURRELL ORBISON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | ORDER |
| ERIK A. HOOKS, et al. | ) | |
| Respondents. | ) | |

**THIS MATTER** is before the Court on Respondents' Motion for Summary Judgment, (Doc. No. 4), and Petitioner's Response, (Doc. No. 6). For the following reasons, the Court will grant the motion and dismiss the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (Doc. No. 1), as time-barred.

**I. BACKGROUND**

Petitioner Jason Orbison is a prisoner at North Carolina's Piedmont Correctional Institute, within the Western District of North Carolina. (Doc. No. 1: Petition at 6).[1] He pled guilty to second-degree murder in Union County Superior Court on October 28, 2014. (Id.; Doc. No. 1-18: Plea Hr'g Tr.; Doc. No. 1-19: Transcript of Plea). The judge imposed a sentence, consistent with the plea arrangement, of 125 to 162 months' imprisonment and entered the Judgment on the same date. (Doc. No. 1-2: Judgment; No. 1-18: Plea Hr'g Tr. at 26-27; Doc. No. 1-19: Transcript of Plea at 3).

---

[1] For consistency of reference, the Court will use page numbers generated by the CM/ECF system, rather than those designated in the documents.

1

Petitioner did not file a direct appeal, but rather filed a Motion for Appropriate Relief through counsel in the Union County Superior Court on May 5, 2017, claiming trial counsel was ineffective for failing to investigate his case, review discovery with him, and properly advise him of the burden of proof, elements of the crimes, and defenses should he proceed to trial. (Doc. No. 1-3).  A judge denied the motion by Order entered November 15, 2017, finding, among other things, that Petitioner's assertions of ineffective assistance of counsel directly conflicted with his written and sworn responses during the plea hearing and did not overcome the strong presumption of verity that attaches to the entry and acceptance of a guilty plea. (Doc. No. 1-5 at 3).  On June 12, 2018, the North Carolina Court of Appeals denied his Petition for Writ of Certiorari. (Doc. No. 1-8: Order).

Petitioner filed in the instant matter through counsel on July 11, 2018, alleging trial counsel was constitutionally ineffective in preparing his defense, plea, and sentencing. (Doc. No. 1).  Respondents filed an Answer, (Doc. No. 3), and Motion for Summary Judgment, (Doc. No. 4), with Supporting Brief, (Doc. No. 5), asserting Petitioner's claim is time-barred.  With the filing of Petitioner's Response, (Doc. No. 6), claiming actual innocence and equitable tolling, this matter is ripe for disposition.

## II.  STANDARD OF REVIEW

A. Summary Judgment Standard

Summary judgment is appropriate in those cases where there is no genuine dispute as to any material fact, and it appears that the moving party is entitled to

2

judgment as a matter of law. FED. R. CIV. P. 56(c)(2); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

B. Section 2254 Standard

In addition to the motion for summary judgment standard set forth above, this Court must also consider the petition for writ of habeas corpus under the requirements set forth in 28 U.S.C. § 2254(d), which provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See also Tice v. Johnson, 647 F.3d 87, 103 (4th Cir. 2011) (stating standard).

C. Timeliness Standard

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). In addition, the one-year limitations period is tolled during pendency of a properly filed state post-conviction proceeding.[2] See 28 U.S.C. § 2244(d)(2).

## III. DISCUSSION

As noted above, Petitioner was convicted and sentenced on October 28, 2014, rendering the Judgment final on or about November 12, 2014, when the time for

---

[2] However, a federal limitations period that has expired is not restarted by a subsequent state post-conviction proceeding. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

4

filing an appeal expired. N.C. R. APP. P. 4(a) (14-day deadline to appeal); Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (state judgment becomes final when time period for seeking review expires). Accordingly, Respondents rightly assert that the instant Petition, filed on July 11, 2018, was over two and a half years late. (Doc. No. 5: Brief at 4-5). Petitioner does not dispute his untimeliness, but rather contends he is entitled to "pass through the 'actual innocence' gateway" and to benefit from equitable tolling. (Doc. No. 6: Response at 4).

A. Actual Innocence

The Fourth Circuit has held, "New reliable evidence of actual innocence creates a gateway for a habeas petitioner to present procedurally defaulted federal constitutional claims by allowing an equitable exception to the limitations provisions of 28 U.S.C. § 2244(d)(1) to prevent a fundamental miscarriage of justice." Hayes v. Carver, 922 F.3d 212, 218 (4th Cir. 2019) (citing McQuiggin v. Perkins, 569 U.S. 383, 392 (2013)). Thus, actual innocence is not a substantive claim, but a procedural mechanism to reach the merits of defaulted claims. Finch v. McKoy, 914 F.3d 292, 294 (4th Cir. 2019). The standard, however, "'is demanding and permits review only in the extraordinary case.'" Hayes, 922 F.3d at 218 (quoting House v. Bell, 547 U.S. 518, 538 (2006)).

"A petitioner meets the threshold requirement if he 'persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" Id. at 216 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)). "Without any new evidence of innocence, even the

5

existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas petitioner to reach the merits of a barred claim." Schlup, 513 U.S. at 316. The Supreme Court has stressed that "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Here, the state presented a detailed proffer at the hearing from which the judge found a factual basis to support Petitioner's admission that he was guilty of second-degree murder. (Doc. No. 1-18: Hr'g Tr. at 5-6, 8-13). Petitioner does not present any "new reliable evidence" in this proceeding to support his claim of actual innocence, but rather relies on facts known at the time of his guilty plea to argue they do not support a conviction for second-degree murder. (Doc. No. 1: Petition at 7-9, 29-31; Doc. No. 6: Response at 6).[3] Accordingly, his claim is merely one of legal sufficiency, not factual innocence, and fails to satisfy the standard necessary to reach his procedurally defaulted claim of ineffective assistance of counsel.

    B. Equitable Tolling

The AEDPA's statute of limitations is subject to equitable tolling where a petitioner can establish "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo,

---

[3] The factual exhibits to the Petition, (Doc. No. 1-1: Accident Report dated March 21, 2013; Doc. No. 1-9: Trooper Report dated March 17, 2013; Doc. No. 1-10: Witness Statements dated March 16, 2013; Doc. No. 1-11: Deputy Report dated March 16, 2013; Doc. 1-12: Crime Scene Investigator Supplement), are all stamped as having been provided in discovery. (Doc. No. 1-17: Discovery Certifications at 3,5).

544 U.S. 408, 418 (2005)). "Equitable tolling is available only in 'those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result.'" United States v. Sosa, 364 F3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Here, Petitioner claims that he was essentially left alone to sort through hundreds of pages of documents, as well as recordings, but nevertheless diligently pursued his rights in the state trial and appellate courts, and then in this Court. (Doc. No. 6: Response at 7-8). The record clearly shows he is not entitled to equitable tolling.

Petitioner received a copy of discovery material prior to entering his plea agreement in September 2014. (Doc. No. 1: Petition at 11). He states that he had reservations about the agreement but felt pressured by his lawyer to sign it, so much so that he scheduled a meeting with another lawyer for a second opinion. (Doc. No. 1-14: Jason Orbison Affidavit at 4). Yet, when he appeared in court to enter the plea a month later, he swore under oath that he was satisfied with his lawyer's services, that no one had threatened him to enter the plea, that he was doing so on his own free will. (Doc. No. 1-18: Hr'g Tr. at 4, 8). He explains that despite what he told the state judge, he felt bullied and not fully informed about his case because of the lack of communication with his lawyer. (Doc. No. 1-14: Jason Orbison Affidavit at 5). However, he did not raise any claim about his lawyer's performance until May 9, 2017, when he filed his Motion for Appropriate Relief. (Doc. No. 1-3).

7

The Court finds the two and a half-year delay shows Petitioner failed to pursue his rights diligently. Additionally, Petitioner's age, educational level, and experience do not constitute extraordinary circumstances to excuse his late filing. Sosa, 364 F.3d at 512 (collecting cases holding that lack legal knowledge does not warrant equitable tolling). Therefore, Petitioner is not entitled to equitable tolling.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Respondents' Motion for Summary Judgment, (Doc. No. 4), is **GRANTED**;

2. Petitioner's Petition for Writ of Habeas Corpus, (Doc. No. 1), is **DISMISSED** as time-barred;

3. The Clerk is directed to terminate the case; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 23, 2019

Robert J. Conrad, Jr.
United States District Judge